IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

*ELECTRONICALLY FILED*

MELISSA LOVE                            )
5503 Sweetgum Trace                     )
Jeffersonville, IN 47130                )
                                        )
and                                     )
                                        )
ERIN BROCK                              )
5503 Sweetgum Trace                     )
Jeffersonville, IN 47130                )
                                        )         CIVIL ACTION NO.
and                                     )
                                        )         4:14-CV-15
MICHAEL DRURY                           )
1905 Coachman Drive                     )
New Albany, IN 47150                    )
                                        )
and                                     )
                                        )
LANE STUMLER                            )
1905 Coachman Drive                     )
New Albany, IN 47150                    )
                                        )
and                                     )
                                        )
                                        )
JO ANN DALE                             )
P.O. Box 100                            )
8309 Old State Road 3                   )
Otisco, IN 47163                        )
                                        )
 and                                    )
                                        )
CAROL UEBELHOER                         )
P.O. Box 100                            )
8309 Old State Road 3                   )
Otisco, IN 47163                        )
                                        )
and                                     )

JENNIFER REDMOND                    )
1107 Pennsylvania Ave.              )
Jeffersonville, IN 47130            )
                                    )
and                                 )
                                    )
JANA KOHORST                        )
1107 Pennsylvania Ave.              )
Jeffersonville, IN 47130            )
                                    )
        Plaintiffs                  )
                                    )
v.                                  )
                                    )
MICHAEL RICHARD PENCE,              )
 in his official capacity as Governor )
 of the State of Indiana            )
                                    )
 Serve:  Governor Michael Pence     )
         200 W. Washington Street   )
         Room 206                   )
         Indianapolis, IN 46204     )
                                    )
 Serve:  Greg Zoeller               )
         Indiana Attorney General   )
         Indiana Government Center South )
         302 W. Washington Street   )
         5th Floor                  )
         Indianapolis, IN 46204     )
                                    )
        Defendants                  )

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

* * * * * * * * * * * *

## INTRODUCTION

Plaintiffs bring this action to challenge the constitutionality of Indiana's

laws refusing to issue marriage licenses to same-sex couples and voiding or

otherwise refusing to recognize the marriages of same-sex couples entered in other states. In *United States v. Windsor*, 133 S. Ct. 2675 (2013), the United States Supreme Court held that withholding federal recognition and benefits from legally married same-sex couples, as required by Section 3 of the Defense of Marriage Act (DOMA), violates the federal constitutional guarantees of equal protection and due process. Plaintiffs seek to apply this holding, and/or the reasoning underlying it, to invalidate and enjoin the enforcement of Indiana's state statutory provision refusing to issue marriage licenses to same-sex couples, prohibiting recognition of legally married same-sex couples from other states, as well as Section 2 of DOMA, and any other relevant provision which would allow Indiana's continued refusal to respect Plaintiffs' rights.

## THE PARTIES

1.      All Plaintiffs are residents of the state of Indiana.

2.      Plaintiffs Melissa Love and Erin Brock are both females, and are an unmarried couple who are engaged to be married and wish to be lawfully wed in the state of Indiana.

3.      Plaintiffs Michael Drury and Lane Stumler are both males, and are an unmarried couple who wish to be lawfully wed in the state of Indiana.

4.      Plaintiffs Jo Ann Dale and Carol Uebelhoer are both females, and are a married couple, having lawfully wed in the Commonwealth of Massachusetts in 2008.

5.      Plaintiffs Jennifer Redmond and Jana Kohorst are both females, and are a married couple, having lawfully wed in the state of New York in 2013.

6.      For purposes of this Complaint, the unmarried Plaintiffs shall be referred to as the "Love Plaintiffs," and the married Plaintiffs shall be referred to as the "Dale Plaintiffs."

7.      Like other couples who have made a lifetime commitment to each other, the Dale Plaintiffs are spouses in every sense, except that their marriages are currently not recognized by the State of Indiana.

8.      Similarly, the Love Plaintiffs are no different from other Indiana couples who wish to be married, except that Indiana will not allow them to be married because they are a same-sex couple.

9.      All Plaintiffs seek either to be married or to have their legal marriages recognized in the State of Indiana in order to have the same legal protections afforded to legally married opposite-sex couples, including those who married in other jurisdictions.

**DEFENDANTS**

10.     Defendant MICHAEL RICHARD PENCE is the Governor of the State of Indiana. In his official capacity, Gov. Pence is the chief executive officer of the State and is responsible for the faithful execution of the laws of the State of Indiana, including the laws that exclude same-sex couples from marrying or having their out-of-state marriages recognized.

11.     Defendant is, and at all relevant times has been, acting under color of state law, and is sued in his official capacity.

12.     By implementing and enforcing the statutes discussed below, Defendant has deprived, and continues to deprive, Plaintiffs of rights guaranteed by

the United States Constitution.

## JURISDICTION AND VENUE

13.     Plaintiffs bring this action under 42 U.S.C. §§ 1983 and 1988 to redress the deprivation, under color of state law, of rights secured by the United States Constitution.

14.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

15.     This Court has the authority to enter a declaratory judgment and to provide preliminary and permanent injunctive relief pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 2201 and 2202.

16.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because the Defendants have offices within the district, because Plaintiffs reside in this district, and because the Plaintiffs' injuries occurred, continue to occur, and will occur, in this district.

## STATUTORY PROVISIONS CHALLENGED

17.     Indiana's statute banning same-sex marriages and voiding valid out of state same-sex marriages is IC 31-11-1-1, commonly referred to as "Indiana's Defense of Marriage Act," which provides: "(a) Only a female may marry a male. Only a male may marry a female. (b) A marriage between persons of the same gender is void in Indiana even if the marriage is lawful in the place where it is solemnized."

18.     IC 31-11-1-1 violates the United States Constitution, insofar as it denies same-sex couples the rights, privileges, responsibilities, and immunities extended to similarly situated opposite-sex couples.

19.     To the extent that the federal Defense of Marriage Act (DOMA), 28 U.S.C. 1738C § 2 (2000), authorizes discriminatory treatment of legally married same-sex couples, it is also unconstitutional.

20.     Section 2 of DOMA provides: "No State, territory, or possession of the United States, or Indian tribe, shall be required to give effect to any public act, record, or judicial proceeding of any other State, territory, possession, or tribe respecting a relationship between persons of the same sex that is treated as a marriage under the laws of such other State, territory, possession, or tribe, or a right or claim arising from such relationship."

21.     To the extent that any other Indiana or federal statute or regulation discriminates against same-sex couples' marital rights, its constitutionality is challenged in this lawsuit.

22.     Legally married same-sex couples such as the Dale Plaintiffs are similarly situated to legally married opposite-sex couples in all of the characteristics relevant to recognition of their legal marriages.

23.     Unmarried same-sex couples such as the Love Plaintiffs are similarly situated to opposite-sex couples in all of the characteristics relevant to recognition of their right to marry and to be issued a marriage license by the state of Indiana.

24.     Indiana has no rational, legitimate, or compelling state interest in treating same-sex couples any differently from opposite-sex couples.

25.     Indiana has no rational, legitimate, or compelling state interest in enforcing the statutes challenged by Plaintiffs in this case.

26.     The refusal to allow or recognize same-sex marriages does not

further or serve any identifiable state interest in an adequately tailored manner.

27.     IC 31-11-1-1 was motivated by a constitutionally impermissible desire to harm a politically unpopular group.

## CLAIMS FOR RELIEF

## DEPRIVATION OF DUE PROCESS

28.     The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

29.     The right to marry is a fundamental right under the U.S. Constitution, and is protected by the Due Process Clause.

30.     Same-sex couples who wish to marry have a protected and fundamental liberty and/or property interest in the ability to marry and to have their marriages recognized by the state, and the state's refusal to allow them to lawfully marry deprives them of that protected interest.

31.     Same-sex spouses who have entered into legal marriages have a protected liberty and/or property interest in their marital status, and the government's refusal to recognize their marital status impermissibly deprives legally married same-sex spouses of that protected interest.

32.     Same-sex spouses who have entered into legal marriages in other jurisdictions have a reasonable expectation that they will continue to be protected by the rights and protections conferred by marriage when they relocate to another state.

33.     Same-sex couples have a protected property and/or liberty interest in their marital status and in the comprehensive network of legal protections that marriage provides, including the accrual of certain marital benefits over time.

34.     The Due Process Clause also protects choices central to personal dignity and autonomy, including each individual's rights to family integrity and association.

35.     IC 31-11-1-1 and DOMA § 2 violate the due process guarantees of the Fifth and Fourteenth Amendments facially and/or as applied to Plaintiffs by infringing upon their right to marry and to have their marriages recognized in the State of Indiana.

36.     In addition, IC 31-11-1-1 conflicts with portions of the Indiana Constitution, thereby depriving same-sex couples of rights otherwise granted to all Indiana citizens and thus depriving them of Due Process rights under both the state and federal constitutions.

37.     For example, Article I, Section 23 of the Indiana Constitution guarantees that "The General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities which, upon the same terms, shall not equally belong to all citizens," and this right is infringed upon by IC 31-11-1-1.

**EQUAL PROTECTION**

38.     The Fourteenth Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

39.     The State of Indiana has no legitimate interest in discriminating against citizens on the basis of sexual orientation.

40.     The State of Indiana has no legitimate interest in discriminating against citizens on the basis of sex.

41.     There is no rational basis for the State of Indiana to treat same-sex couples differently from opposite-sex couples.

42.     There is no rational basis for the State of Indiana to treat Indiana citizens differently based solely on their sexual orientation.

43.     Sexual orientation bears no relation to a person's ability to perform in or contribute to society.

44.     By mandating that "only a female may marry a male," and "only a male may marry a female," the State of Indiana engages in sex-based discrimination without a rational, legitimate, or compelling basis.

45.     Same-sex couples have experienced a history of discrimination in the United States and in the State of Indiana.

46.     Sexual orientation, including homosexuality, is an immutable trait.

47.     Same-sex couples represent a small minority of the population, and thus lack the political power to protect their rights to equal treatment under the law.

48.     The purpose of IC 31-11-1-1 and DOMA § 2 is to impose restrictions and disabilities on same-sex couples.

49.     IC 31-11-1-1 and/or DOMA § 2 are motivated by a desire to harm a politically unpopular group.

50.     IC 31-11-1-1 also serves the impermissible purpose of enforcing and

perpetuating sex stereotypes by excluding Plaintiffs from marrying and being recognized as validly married because Plaintiffs have failed to conform to sex-based stereotypes that men should marry women, and women should marry men.

51.     IC 31-11-1-1 and DOMA § 2 violate the equal protection guarantees of the Fourteenth Amendment facially and/or as applied to Plaintiffs by infringing their right to marry and to have their legal marriages recognized in the State of Indiana.

## FREEDOM OF ASSOCIATION

52.     The First Amendment to the United States Constitution, enforceable pursuant to 42 U.S.C. § 1983, ensures the right to freedom of association.

53.     IC 31-11-1-1 and DOMA § 2 violate the freedom of association guarantees of the First Amendment facially and/or as applied to Plaintiffs by discriminating against them and penalizing them based solely upon the sex of the person they choose to marry, and/or their own sex and/or sexual orientation.

## FULL FAITH AND CREDIT

54.     Article IV, Section 1, of the United States Constitution provides, in pertinent part: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."

55.     Issuance of a marriage license involves creating a "record" under the Full Faith and Credit Clause.

56.     The State of Indiana's failure to recognize valid out-of-state marriages between same-sex couples violates the Full Faith and Credit Clause of the U.S. Constitution.

57.     Should any of the Plaintiffs obtain a divorce or other judgment pertinent to their lawful out-of-state marriage, the State of Indiana would refuse to honor or otherwise recognize those judgments, also in violation of the Full Faith and Credit Clause.

58.     In fact, the Dale Plaintiffs presently do not have the ability to seek a divorce in any jurisdiction without relinquishing their Indiana citizenship and relocating.

## SUPREMACY CLAUSE

59.     Article VI, Section II of the United States Constitution provides: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

60.     By virtue of the Supremacy Clause, state statutes and constitutions are limited by the contours of the United States Constitution.

61.     IC 31-11-1-1 violates the Supremacy Clause by contravening the United States Constitution and the United States Supreme Court's holding in *Windsor*.

## RIGHT TO TRAVEL

62.     The Fourteenth Amendment protects the liberty of individuals to travel throughout the nation, uninhibited by statutes, rules, or regulations that unreasonably burden or restrict their movement.

63.     The right to travel prohibits both laws that affirmatively interfere with or prevent a citizen's travel, and also laws that penalize those who choose to migrate to another state.

64.     The right extends not only to temporary visits to other states, but also to becoming a permanent resident of another state.

65.     IC 31-11-1-1 and DOMA § 2 violate the right to travel as guaranteed by the Fourteenth Amendment facially and/or as applied to Plaintiffs by imposing a penalty on Plaintiffs for choosing to move to and/or reside in the State of Indiana, in that their residence in Indiana requires them to relinquish all rights, privileges, benefits and responsibilities of marriage.

## ESTABLISHMENT CLAUSE

66.     The First Amendment to the United States Constitution states, "Congress shall make no law respecting an establishment of religion . . ."

67.     This prohibition is extended to the states through the Fourteenth Amendment.

68.     IC 31-11-1-1 and/or DOMA § 2 were enacted for the purpose of establishing a definition of marriage based upon religious beliefs of the majority, and not for a secular legislative purpose.

69.     The primary effect of the above legislation is to advance the religious beliefs of the legislative majority.

70.     The above statutes result in an excessive government entanglement with religion, in violation of the Establishment Clause.

## HARM TO THE PLAINTIFFS AND NEED FOR INJUNCTIVE RELIEF

71.     This case presents an actual controversy because Defendant's present and ongoing denial of equal treatment to Plaintiffs subjects them to serious and immediate harms, warranting the issuance of a declaratory judgment.

72.     Indiana's laws deprive Plaintiffs of numerous legal protections that are available to opposite-sex couples.

73.     Same-sex couples have their lives burdened, by reason of government decree, in visible and public ways. Indiana's discrimination towards these couples touches many aspects of married and family life, from the mundane to the profound, including but not limited to the following:

a.      A married person is exempt from inheritance tax on property left to her by an opposite-sex spouse, including the spouse's share of the couple's home, and, thus, protected against economic distress or loss of a home because of an estate tax bill, but a same-sex surviving spouse or partner is denied this exemption and must pay a higher rate, which applies to non-family-members.

b.      The State requires opposite-sex spouses to support one another financially, but there is no similar support obligation for same-sex spouses.

c.      Communications between opposite-sex spouses enjoy evidentiary privileges in both civil and criminal proceedings, and an opposite-sex spouse may not be compelled to testify against his or her spouse over that spouses' objection except in limited circumstances, but confidential communications between same-sex spouses are not afforded the same privilege or immunity.

d.      Same-sex spouses and their children are excluded from benefiting under Indiana's intestacy laws.

e.      Same-sex spouses and their children are precluded from recovering loss of consortium damages in civil litigation following a wrongful death.

    f.      Plaintiffs are prevented from receiving the same healthcare benefits, including insurance, afforded to opposite sex spouses.

    g.      Under Indiana Workers Compensation Law, the opposite-sex spouse of someone who dies as a result of a work-related injury is entitled to damages and may bring suit to enforce such rights (IC 22-3-3-18), but same-sex spouses or partners have no legal standing to sue as a result of their spouse's workplace injury.

    h.      Same-sex couples may be prohibited from making or participating in healthcare, end-of-life, or burial decisions for their partners and spouses without the procurement of additional, and expensive, legal documentation.

    i.      Same-sex couples who were married out-of-state may not seek a divorce and division of property from an Indiana state court.

    j.      Leave to care for an ailing family member under the federal Family and Medical Leave Act is not protected for employees who seek leave to care for their same-sex spouse, children or extended family.

    k.      Plaintiff Jana Kohorst, a woman, is legally identified as the father of her adopted children, because the State will not allow a child to have two mothers.

    l.      Same-sex couples who give birth to children are not listed as a parent upon the child's birth, and thus are denied legal rights to the children until such time as legal adoptions could be effectuated. This includes access to infants in maternity wards in hospitals and Neonatal Intensive Care Units, thus limiting the parent's ability to form important bonds with the child at birth.

74.    The exclusion from the esteemed institution of marriage humiliates children being raised by same-sex couples, making it more difficult for the children to understand the integrity and closeness of their own family and its concord with other families in their community and in their daily lives.

75.     If Plaintiffs were legally married opposite-sex couples, they would not suffer any of the harms or potential harms enumerated above.

76.     Defendants' deprivation of Plaintiffs' constitutional rights under color of state law violates 42 U.S.C. § 1983.

77.     Plaintiffs have no adequate remedy at law to redress the wrongs alleged herein, which are of a continuing nature and will continue to cause them irreparable harm.

78.     The State will incur little to no burden in allowing same-sex couples to marry and in recognizing the valid marriages of same-sex couples from other jurisdictions on the same terms as different-sex couples, whereas the hardship for Plaintiffs of being denied equal treatment is severe, and subjects them to an irreparable denial of their constitutional rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter a declaratory judgment that IC 31-33-1-1 violates the Due Process, Equal Protection, Freedom of Association, Full Faith and Credit, Supremacy, and/or other clauses of the United States Constitution;

B.     A preliminary and permanent injunctive order directing the State of Indiana to issue a marriage license to Plaintiffs Melissa Love and Erin Brock, and Plaintiffs Michael Drury and Lane Stumler, and prohibiting Defendants from refusing to issue marriage licenses to other same-sex couples based solely on their sex and/or sexual orientation.

C.     A declaration that the state's continued denial of marriage licenses to

same-sex couples is violative of the U.S. Constitution.

D.      Enter preliminary and permanent injunctions enjoining Defendants from denying the Plaintiff couples and all other same-sex couples the rights, burdens, and benefits associated with lawful marriage;

E.      Enter an order directing Defendants to recognize marriages validly entered into by the Plaintiff couples and other same-sex couples outside of the State of Indiana;

F.      If necessary, enter a declaratory judgment that Section 2 of DOMA as applied to Plaintiffs and all other similarly situated same-sex couples violates the Due Process, Equal Protection, Freedom of Association, and/or Full Faith and Credit clauses of the United States Constitution;

G.      Award costs of suit, including reasonable attorneys' fees under 42 U.S.C. § 1988; and

H.      Enter all further relief to which Plaintiffs may be justly entitled.


Respectfully submitted,

*s/Daniel J. Canon*_____
Daniel J. Canon
Laura E. Landenwich, #27709-22
CLAY DANIEL WALTON &
ADAMS PLC
101 Meidinger Tower
462 South Fourth Street
Louisville, KY 40202
(502) 561-2005 – phone
(502) 415-7505 – fax
dan@justiceky.com
laura@justiceky.com
*Counsel for Plaintiffs*

Shannon Fauver
FAUVER LAW OFFICE PLLC
1752 Frankfort Avenue
Louisville, KY 40206
(502) 569-7710
shannon@fauverlaw.com
*Counsel for Plaintiffs*