UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MELISSA LOVE, | ) | |
| ERIN BROCK, | ) | |
| MICHAEL DRURY, | ) | |
| LANE STUMLER, | ) | |
| JO ANN DALE, | ) | |
| CAROL UEBELHOER, | ) | |
| JENNIFER REDMOND, and | ) | |
| JANA KOHORST, | ) | |
| | ) | 4:14-cv-00015-RLY-TAB |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MICHAEL RICHARD PENCE, in his official capacity as Governor of the State of Indiana, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION TO DISMISS**

Michael Richard Pence, in his capacity as Governor of the State of Indiana, moves to dismiss the Plaintiffs' Complaint for lack of subject matter jurisdiction. For the reasons set forth below, the court **GRANTS** the motion.

**I.    Background**

On March 7, 2014, Plaintiffs filed their Complaint challenging Indiana Code § 31-11-1-1, entitled "Same sex marriages prohibited," otherwise known as Indiana's Defense of Marriage Act. In pertinent part, the challenged statute provides:

(a) Only a female may marry a male. Only a male may marry a female.

1

> (b) A marriage between persons of the same gender is void in Indiana even if the marriage is lawful in the place where it is solemnized.

The Plaintiffs are two unmarried same-sex couples and two same-sex couples married in other jurisdictions. (Complaint ¶¶ 1-9). Plaintiffs allege that Indiana's Defense of Marriage Act violates the United States Constitution by denying same-sex couples the "rights, privileges, responsibilities, and immunities extended to similarly situated opposite-sex couples." (*Id.* ¶ 18). Specifically, Plaintiffs argue that the statute violates the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, the First Amendment right to freedom of association, the Full Faith and Credit Clause, the Supremacy Clause, the Fourteenth Amendment right to travel, and the Establishment Clause of the First Amendment. Plaintiffs named the Governor of the State of Indiana as the sole defendant, alleging that, "[b]y implementing and enforcing the statutes discussed below, Defendant has deprived, and continues to deprive, Plaintiffs of rights guaranteed by the United States Constitution." (*Id.* ¶ 12).

## II. Motion to Dismiss Standard

A motion to dismiss for lack of standing is a challenge to the court's subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Scanlon v. Eisenberg*, 669 F.3d 838, 841-42 (7th Cir. 2012). In ruling on a Rule 12(b)(1) motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff. *Id.* (citation omitted). However, when faced with a challenge to its subject matter jurisdiction, the court may look beyond

the complaint and review any other evidence to resolve the jurisdictional issue. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (citations omitted). The burden is on the plaintiff to prove, by a preponderance of the evidence, that subject matter jurisdiction exists. *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

**III.	Discussion**

Article III, § 2, of the United States Constitution limits the jurisdiction of federal courts to the resolution of "cases" or "controversies." One aspect of the case-or-controversy requirement is standing. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997) (citing *Northeastern Fla. Chapter, Associated Gen. Contractors of America v. Jacksonville,* 508 U.S. 656, 663–664 (1993) (standing to sue); *Diamond v. Charles,* 476 U.S. 54, 56 (standing to defend on appeal); *O'Sullivan v. City of Chicago*, 396 F.3d 843, 853 (7th Cir. 2005). "When standing is placed in issue in a case, the question is whether the person whose standing is challenged is a proper party to request adjudication of a particular issue and not whether the issue itself is justiciable." *Flast v. Cohen,* 392 U.S. 83, 99-100 (1968).

The emphasis of Article III standing is on whether the plaintiffs have "'a personal stake in the outcome of the controversy'", and on "whether the dispute touches upon the 'legal relations of the parties having adverse legal interests.'" *O'Sullivan*, 396 F.3d at 853 (quoting *Flast*, 392 U.S. 83, 101 (1968)). To have standing, a plaintiff must demonstrate: (1) an injury in fact that is concrete and particularized, as well as actual and imminent; (2) a causal connection between the injury and the conduct complained of,

3

such that the injury is fairly traceable to the challenged action of the defendant; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable opinion. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks and citations omitted).

According to Plaintiffs, they seek an injunction "directing the State of Indiana to issue a marriage license to Plaintiffs . . . and prohibiting [the State] from refusing to issue marriage licenses to other same-sex couples based solely on their sex and/or sexual orientation." Second, they request the State be enjoined from "denying the Plaintiff couples and all other same-sex couples the rights, burdens, and benefits associated with lawful marriage." Lastly, they seek "an order directing [the State] to recognize marriages validly entered into by the Plaintiff couples and other same-sex couples outside the state of Indiana[.]" (*Id*. ¶ 15). They sued the Governor because he is the "chief executive officer of the State and is responsible for the faithful execution of the laws of the State . . . including the laws that exclude same-sex couples from marrying or having their out-of-state marriages recognized." (*Id*. ¶ 10).

The Governor maintains that he is not the proper defendant because the injuries of which the Plaintiffs complain are not fairly traceable to him, and cannot be redressed by him. Plaintiffs respond that the Governor is the Executive Head of State; thus, he has managerial authority over the executive branch, including the power to order the circuit court clerks "to take specific actions" by executive order.

The executive orders Plaintiffs cite involved a specific statutory power of the Governor, not some general supervisory authority. Executive Orders 10-03 (Pls.' Ex. 1 at

4

1) and 08-01 (Pls.' Ex. 1 at 4-5) involved ordering special elections to fill vacancies within the House of Representatives of the United States Congress, as directed by Indiana law. Ind. Code § 3-10-8-3. Executive Order 04-16 (Pls.' Ex. 1 at 2) declared a state of emergency due to severe storms, tornadoes and flooding, as directed by Indiana law. Ind. Code § 10-14-3-12. In addition, the proclamation at pages 2-3 of Plaintiffs' Exhibit 1 declares the publication and effect of certain Acts of the 113th General Assembly, pursuant to Indiana Code § 1-1-3-2. Notably, Plaintiffs point to no similar statutory powers the Governor might exercise in this case by way of issuing an executive order. They point to no gubernatorial authority – as is their burden – to issue executive decrees telling other elected officials how to do their jobs when it comes to laws affecting marriage.

Even if the Governor did exercise some measure of managerial authority over clerks or others who may administer some aspect of marriage law, that authority would be insufficient to justify a suit against the Governor for two interrelated reasons. First, Plaintiffs' complained-of injury is not fairly traceable to the Governor because he lacks the authority to enforce the challenged statute against them. *Okpalobi v. Foster*, 244 F.3d 405, 426 (5th Cir. 2001) ("The requirements of *Lujan* are entirely consistent with the long-standing rule that a plaintiff may not sue a state official who is without any power to enforce the complained-of statute."). The "[g]eneral authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law." *1st Westco Corp. v. Sch. Dist. of Philadelphia*, 6 F.3d 108, 113-14 (3d Cir. 1993) (holding that the school district officials, not the Attorney General or state

5

Secretary of Education, were the proper defendants in a challenge to a contractor residency requirement). *See also Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (stating that "[The] general supervisory power over those persons responsible for enforcing the challenged provision will not subject an official to suit."); *Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979) ("The mere fact that a governor is under a general duty to enforce state law does not make him a proper defendant in every action attacking the constitutionality of a state statute.").

Second, because the Governor cannot enforce the challenged statute, he cannot redress Plaintiffs' injury. This point is illustrated in *Hearne v. Bd. of Educ. of City of Chicago*, 185 F.3d 770 (7th Cir. 1999). There, the Seventh Circuit held the governor was not a proper defendant in a case challenging an Illinois statute designed to reform the Chicago public school system, because "the governor has no role to play in the enforcement of the challenged statutes, nor does the governor have the power to nullify legislation once it has entered into force." 185 F.3d 770, 777 (7th Cir. 1999). Similarly, the Northern District of Indiana recently held the governor was not a proper defendant in a case challenging Indiana's "Right to Work" law. *Sweeney v. Daniels*, No. 2:12-cv-81-PPS/PRC, 2013 WL 209047 (N.D. Ind. Jan. 17, 2013). The court, relying on *Hearn*, stated, "[P]laintiffs should name a state official who bears 'legal responsibility for the flaws they perceive in the system'", not a state official from whom they "'could not ask anything . . . that could conceivably help their cause.'" *Id*. at *3 (quoting *Hearn*, 185 F.3d 777). *See also Mexicana v. State of Indiana*, No. 2:11-cv-482 JD, 2013 WL 4088690, at **5-6 (N.D. Ind. Aug. 13, 2013) (same, citing *Hearne* and *Sweeney*); *Deida*

*v. City of Milwaukee*, 192 F.Supp.2d 899, 917 (E.D. Wisc. 2002) (dismissing attorney general because he had no power to enforce the challenged statute against plaintiff).

Plaintiffs have failed to establish that the Governor has the authority to enforce, or plays any other role respecting, Indiana's Defense of Marriage Act. Thus, the injuries of which Plaintiffs complain – *i.e.*, the recognition of out-of-state same sex marriages and the issuance of a valid marriage license to a same sex couple – are not fairly traceable to the actions of the Governor, and cannot be redressed by the Governor.

Rather than dismiss this lawsuit, Plaintiffs ask for additional discovery "to define [the Governor's] executive function, or to explain how he has no authority over executive branch agencies, or to explain how the executive cannot control the actions of the executive branch." This request is denied. The powers and duties of the Governor are provided for in the Constitution, statutes, and regulations of the State of Indiana. Additional discovery would not shed any additional light on the subject.

Plaintiffs also ask for leave to amend their Complaint under Federal Rule of Civil Procedure 15 "to include the defendants this Court deems proper." This request is likewise denied. It is not the business of the court to inform Plaintiffs who they should sue as party defendants.

## IV. Conclusion

The court finds there is no case or controversy between the Plaintiffs and Governor Pence. As such, the case must be dismissed for lack of subject matter jurisdiction under Article III of the Constitution. The Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Filing No. 18) is therefore **GRANTED**.

**SO ORDERED** this 25th day of June 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.