UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MELISSA LOVE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No.  4:14-CV-15-RLY-TAB |
| v. | ) | |
| | ) | |
| MICHAEL RICHARD PENCE, | ) | |
| in his official capacity as Governor | ) | |
| of the State of Indiana, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS'
MOTION FOR RECONSIDERATION OF ORDER DISMISSING**

Defendant Michael Pence, in his official capacity as Governor of the State of Indiana, submits this memorandum in opposition to the Plaintiffs' Motion for Reconsideration of Order Dismissing.  Plaintiffs allege that the Governor "made misrepresentations" about his authority to enforce Indiana's traditional marriage definition based on two memoranda sent by the Governor's general counsel in the wake of this Court's ruling in *Baskin v. Bogan*, No. 1:14-cv-355-RLY-TAB, *Fujii v. Commissioner*, No. 1:14-cv-404-RLY-TAB, and *Lee v. Abbott*, 1:14-cv-406-RLY-MJD.  These memoranda, however, do not demonstrate *any* additional authority of the Governor to enforce Indiana Code § 31-11-1-1.

As this Court recognized in its order of dismissal, the Governor's authority is well-defined "in the Constitution, statutes, and regulations of the State of Indiana[,]" and Plaintiffs' asserted injuries are not fairly traceable to the Governor's actions and cannot be redressed by the Governor.  Entry on Defs.' Mot. to Dismiss at 7 [Doc. No. 32] (hereafter, "MTD Entry").  Accordingly, Article III does not grant this Court subject matter jurisdiction over this case, and e-mails from the Governor's general counsel do not prove otherwise.

1

## STATEMENT OF FACTS

On March 7, 2014, Plaintiffs filed their Complaint challenging the constitutionality of Indiana's traditional marriage definition, Indiana Code Section 31-11-1-1.  That definition provides that "[o]nly a female may marry a male [and] [o]nly a male may marry a female."  Ind. Code § 31-11-1-1(a).  Additionally, "[a] marriage between persons of the same gender is void in Indiana even if the marriage is lawful in the place where it is solemnized."  Ind. Code § 31-11-1-1(b).

Plaintiffs named Governor Michael Pence as the sole defendant, alleging that, "'[b]y implementing and enforcing the statutes discussed below, Defendant has deprived, and continues to deprive, Plaintiffs of rights guaranteed by the United States Constitution.'"  Compl. ¶¶ 10, 12 [Doc. No. 1].  On April 4, 2014, the Governor filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction [Doc. Nos. 18, 19], arguing that, because the Governor has no authority to enforce Section 31-11-1-1, the Plaintiffs' asserted injuries are not traceable to the Governor and thus cannot be redressed by him.

In granting the Governor's Motion to Dismiss on June 25, 2014, this Court determined that "Plaintiffs [] failed to establish that the Governor has the authority to enforce, or plays any other role respecting, Indiana's Defense of Marriage Act."  MTD Entry at 7.  Without any authority to enforce Section 31-11-1-1, the Court found that the Governor could not have caused the Plaintiffs' injuries, nor would he be able to take action to redress those injuries.  *Id*.  Thus, said the Court, "there is no case or controversy between the Plaintiffs and Governor Pence" and "the case must be dismissed for lack of subject matter jurisdiction under Article III of the Constitution."  *Id*. at 8.

On the same day the Court dismissed this case, it ruled on the merits of three other cases challenging the validity of Indiana's traditional marriage definition: *Baskin v. Bogan*, No. 1:14-cv-00355-RLY-TAB, *Fujii v. Commissioner*, No. 1:14-cv-00404-RLY-TAB, and *Lee v. Abbott*, 1:14-cv-00406-RLY-MJD, 2014 WL 2884868.   Citing to its order of dismissal in this case, the Court held that the Governor—who was a named defendant in both the *Fujii* and *Lee* cases—was not a proper defendant.   Entry on Cross-Motions for Summ. J. at 10 [*Baskin* Doc. No. 89]. Additionally, the Court declared Indiana's traditional marriage definition unconstitutional and permanently enjoined enforcement of Section 31-11-1-1.  *Id.* at 33.

In response this ruling, Mark Ahearn, General Counsel to the Governor, sent a memorandum to all executive branch agencies on June 26, 2014.  The memorandum begins by informing recipients of the Court's June 25 ruling.  Pls.' Ex. 1 at 1 [Doc. No. 35-2].  It then sets forth the text of Section 31-11-1-1 and quotes the portion of the Court's decision invalidating that statute.  *Id.*  The memorandum also quotes a formal statement from Governor Pence urging compliance with the court order out of respect for the rule of law.  *Id.*  It then briefly mentions the Attorney General's intention to seek a stay while the appeal is pending.  *Id*. at 2.  Finally, the memorandum advises agency heads in generalized terms to "comply with [the June 25, 2014] ruling," while deferring to the agencies' general counsel and staff with respect to specific actions necessary for compliance.  *Id*.

On June 27, 2014, a panel of the Seventh Circuit Court of Appeals stayed enforcement of this Court's injunction pending appeal.   Order Granting Emergency Mot. for Stay Pending Appeal, *Baskin v. Bogan*, Nos. 14-2386, 14-2387, 14-2388 (7th Cir. June 27, 2014).  A few days later, the same panel lifted the stay *only* with respect to *Baskin* plaintiffs Amy Sandler and

Nikole Quasney, the latter of whom is gravely ill.  Order Granting Emergency Mot. to Lift the Court's Stay in Part, *Baskin v. Bogan*, Nos. 14-2386, 14-2387, 14-2388 (7th Cir. July 1, 2014).[1]

On July 7, 2014, following the Seventh Circuit's decisions on the various stay requests, the Governor's General Counsel sent another memorandum to Indiana's executive branch agencies.  Pls.' Ex. 2 [Doc. No. 35-3].  The memorandum describes the developments with respect to the stay requests and advises agency heads to comply with the Seventh Circuit's orders staying this Court's injunction and lifting the stay with respect to Quasney and Sandler.  *Id*.  The memorandum notes that the legal effect of the Seventh Circuit's decision staying the injunction is to reinstate Section 31-11-1-1 (except with respect to Quasney and Sandler.  *Id*.  Finally, the memorandum acknowledges that the Governor's office is "not familiar with every law pertaining to every agency or with the interaction of those laws with federal or other laws," and thus urges agency heads to work with their counsel to comply with the various court orders in light of other relevant law, and to notify the Governor's counsel if the agency comes to any contrary conclusions.  *Id*.

On July 22, 2014, Plaintiffs moved the Court, pursuant to Federal Rule of Civil Procedure 59(e), to reconsider the dismissal of this case based on these two memoranda, which the Plaintiffs consider "new evidence."  Pls.' Mem. in Supp. of Mot. for Recons. at 1 [Doc. 35-1] (hereinafter Pls.' Mem.).   Plaintiffs suggest that Governor Pence "misrepresented" his gubernatorial authority to enforce Indiana's traditional marriage definition and that Mr. Ahearn's memoranda somehow constitute evidence of that authority.  *Id*. at 1, 6.

---

[1] The Seventh Circuit denied a similar request from the *Lee* plaintiffs to lift the stay as applied to them.  Order Denying Emergency Mot. to Lift the Court's Stay in Part, *Baskin v. Bogan*, No. 14-2386, 14-2387, 14-2388 (7th Cir. July 2, 2014).

## STANDARD FOR DENYING MOTION FOR RECONSIDERATION

"Motions for reconsideration serve a *limited* function: to correct manifest errors of law or fact." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (emphasis added).   While courts may reconsider judgments in light of *significant* new evidence, Rule 59(e) motions for reconsideration should not be used to relitigate factual and legal arguments that the court has already rejected.  *Id*.; *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (noting that Rule 59(e) is an inappropriate means to "relitigate old matters"); *Nerds on Call, Inc. (Ind.) v. Nerds on Call, Inc. (Cal.)*, 598 F.  Supp. 2d 913, 916 (S.D. Ind. 2008) (requiring "significant new facts" to grant motion to reconsider based on new evidence).  Courts should use sparingly their discretion to grant motions to reconsider.  *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) (noting that reconsideration under Rule 59(e) is an "extraordinary remedy reserved for the exceptional case.").

## ARGUMENT

## I.    Memoranda from Governor Pence's General Counsel Are Not New, Material Evidence Rendering the Court's Judgment Manifestly Erroneous Under Rule 59(e)

As the Seventh Circuit has held, "[b]elated factual or legal attacks are viewed with great suspicion[.] . . . Reconsideration [under Rule 59(e)] is not an appropriate forum for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).  Plaintiffs' Motion to Reconsider is merely an attempt to rehash an argument that this Court rejected when it stated that advisory or managerial statements from the Governor's office, like those included in the memoranda at issue here, would not influence its decision.  MTD Entry at 5 ("Even if the Governor did exercise some measure of managerial authority over clerks or others who may administer some aspect of marriage law, that authority would be insufficient to justify a suit against the Governor.").  Because this Court has already

assessed the situation implicated by the memoranda, there is no need to amend the Court's judgment. *See Daniels v. Astrue*, No. 1:12–cv–00168–JMS–MJD, 2013 WL 1775728 at *1 (S.D. Ind. Apr. 14, 2013) ("Arguments that the Court has already considered and rejected should be directed to the court of appeals.").

The Court stated that the Governor's authority is defined in Indiana's "Constitution, statutes, and regulations." MTD Entry at 7. The Plaintiffs' "new evidence" does not reflect a change in Indiana's Constitution, statutes, or regulations, so it cannot be material to this Court's decision that the Governor lacks authority to enforce Indiana's traditional definition of marriage. While Mr. Ahearn sent the memoranda after the date of judgment, there is nothing in the memoranda bearing any relation to the Governor's ability to enforce Indiana's traditional definition of marriage. The Governor manages executive agencies within his purview, but as discussed in more detail in Part II, *infra*, the Governor's general supervisory duties cannot make him a proper defendant. *See Okpalobi v. Foster*, 244 F.3d 405, 427-28 (5th Cir. 2001) (en banc); *Southern Pacific Transportation Company v. Brown*, 651 F.2d 613, 614 (9th Cir. 1980).

Accordingly, Plaintiffs' evidence does not demonstrate the existence of a "manifest error of law or fact" that would justify amendment of this Court's judgment. *See Caisse Nationale de Credit Agricole*, 90 F.3d at 1270.

## II.   Memoranda Sent by Governor Pence's General Counsel Are Merely Advisory and Cannot Justify Suit Against the Governor

Memoranda sent from the Governor's General Counsel to executive branch agencies are not evidence of secret gubernatorial powers; rather, they merely advised executive agencies to comply with this Court's broad declaration that Indiana's traditional definition of marriage is invalid. Until it was stayed, that declaration had potential implications for implementation of many Indiana statutes in ways that do not bear on any interests of the Plaintiffs. Guidance from

6

a governor's office to subordinate agencies does not constitute enforcement of statutes that the agencies themselves are charged with enforcing.  *See Southern Pacific Transportation Company v. Brown*, 651 F.2d 613, 614 (9th Cir. 1980) (finding that an official's duty to advise and direct those responsible for enforcement of a statute is insufficient to make him a proper party); *see also Okpalobi v. Foster*, 244 F.3d 405, 427-28 (5th Cir. 2001) (en banc) (finding a governor to be an improper party because the governor "cannot be enjoined to act in any way that is beyond his authority to act in the first place. . . . This is not to say that the administrators of [the statute] themselves could not be enjoined to do a particular act that was within their authority—but these plaintiffs must sue those individuals authorized to exercise the orders of the injunction.").

Further, Plaintiffs allege no error in this Court's finding that "'[g]eneral authority to enforce the laws of the state is not sufficient to make government officials the proper parties to litigation challenging the law.'"  MTD Entry at 5 (quoting *1st Westco Corp. v. Sch. Dist. Of Philadelphia*, 6 F.3d 108, 113-14 (3d Cir. 1993)).  Mr. Ahearn's memoranda represent, at most, a generalized authority to supervise or guide the executive branch and, as such, are insufficient to justify suit against the Governor.

Plaintiffs assert that Mr. Ahearn's memorandum from June 26, 2014, is an action by Governor Pence instructing "executive branch agencies how to do their jobs when it comes to laws affecting marriage."  Pls.' Mem. at 4.  In reality, however, that memorandum merely provided an update on the marriage litigation and generally advised executive branch agencies to comply with this Court's entry on the cross-motions for summary judgment. Pls.' Ex. 1 at 1. Likewise, the memorandum from July 7, 2014, provided an update on litigation developments and noted that those developments may impact executive agencies in unspecified ways. Pls.' Ex. 2.

In no way do such advisory actions constitute the statutory enforcement authority needed to establish Article III standing.  *See Okpalobi*, 244 F.3d at 427, 428.  Such evidence does not prove that the Governor caused the Plaintiffs' asserted injuries or has the power to redress those injuries.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  Plaintiffs' contentions to the contrary fly in the face of this Court's holding that "[e]ven if the Governor did exercise some measure of managerial authority over clerks or others who may administer some aspect of marriage law, that authority would be insufficient to justify a suit against the Governor."  MTD Entry at 5.

### III.   Governor Pence's Authority Is Well-Defined by Indiana's Constitution, Laws, and Regulations and Does Not Enable Him to Redress the Plaintiffs' Injuries Through Actions of His Own or Through Orders to Other Executive Branch Agencies

Plaintiffs seek non-enforcement of Indiana's traditional marriage definition, but the Governor has never had authority to take part in the enforcement or non-enforcement of that law. Mr. Ahearn's memoranda have no bearing on the Governor's enforcement authority in this regard.  Article III standing requires justiciability, and justiciability requires causation and redressability.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Flast v. Cohen*, 392 U.S. 83, 99-100 (1968).  The memoranda do not establish a causal connection between the Governor's actions and Plaintiffs' alleged injuries, nor do they indicate an increased likelihood that the Governor can remedy Plaintiffs' injuries.  *See Lujan*, 504 U.S. at 560-61.

When challenging an allegedly unconstitutional statute, plaintiffs must sue the individual with a "close official connection" to enforcing that statute.  *Ex Parte Young*, 209 U.S. 123, 156 (1908); *see also Lujan*, 504 U.S. at 560-61 (requiring, for Article III standing, that the plaintiff's injury is "fairly . . . traceable to [some] action of the defendant").  Plaintiffs seek marriage licenses and potential access to marriage benefits, including joint tax filings, spousal support, family insurance plans, and divorce proceedings.  Compl. ¶ 9.  The Governor, however, cannot

issue marriage licenses, *see* Ind. Code § 31-11-4-3, and has no authority to issue any marriage benefits.  Plaintiffs may have been able to establish a sufficient connection between their denial of marriage licenses and a county clerk or between their inability to file joint tax returns and the Commissioner of the Department of Revenue, but chose not to name those officials as defendants.  Instead, Plaintiffs continue to insist that Governor Pence is the one and only defendant they could possibly name, yet *still* fail to state any specific actions the Governor could take to redress their injuries.  Accordingly, with or without Mr. Ahearn's memoranda, Plaintiffs are unable to connect the Governor to their asserted injuries, so the Governor is not a proper defendant.

The memoranda represent precisely the sort of statements that federal courts should expect Governors to make to agencies under their purview when any state law is declared invalid: respect the court's decision, do not thwart the rule of law, and do not take actions rendering you susceptible to charges of contempt.  Providing such basic advice is not the same as enforcing the statute at issue.  *See* MTD Entry at 6 (citing *Hearne v. Bd. of Educ. of City of Chicago*, 185 F.3d 770 (7th Cir. 1999) ("[T]he governor has no role to play in the enforcement of the challenged statutes, nor does the governor have the power to nullify the legislation once it has entered into force.").  Declaring that statements such as this can render a governor susceptible to federal lawsuits would likely chill similar guidance in the future.

Because the Governor's inability to enforce Indiana Code Section 31-11-1-1 or redress Plaintiffs' injuries remains unchanged by the memoranda, the Court should deny Plaintiffs' motion.

IV.     **Even if Plaintiffs Could Prove That Governor Pence Is a Proper Defendant Under Article III, the Eleventh Amendment Still Precludes This Lawsuit**

Plaintiffs failed to address how the Ahearn memoranda enable their claims to overcome sovereign immunity, which separately bars this action.  *See* Def.'s Mem. in Supp. of. Mot. to Dismiss at 7-9 [Doc. 19].

The *Ex Parte Young* exception to sovereign immunity applies only where an official named as a defendant "ha[s] some connection with the enforcement of the act."  *Ex Parte Young*, 209 U.S. 123, 157 (1908).  Otherwise, naming that official as a defendant is "merely making him a party as a representative of the state, and thereby attempting to make the state a party."  *Id.*; *see also 1st Westco Corp.*, 6 F.3d at 113 (holding that *Ex Parte Young*'s exception does not apply when a defendant state official has neither enforced nor threatened to enforce an allegedly unconstitutional state statute); *Children's Healthcare is a Legal Duty, Inc. v. Deters*, 92 F.3d 1412, 1415-16 (6th Cir. 1996) (noting that, for an state officer to be a proper defendant in a suit to declare an act unconstitutional, "such officer must have some connection with the enforcement of the act").

Plaintiffs have never established that the Governor has any "connection" with enforcement of the traditional marriage definition, and Mr. Ahearn's e-mails do nothing to change that.  Without any actual enforcement authority on the Governor's part, this suit is merely an attempt to circumvent the Eleventh Amendment and sue the State of Indiana without its consent.

**CONCLUSION**

The Court should deny the Plaintiffs' Motion for Reconsideration.

Respectfully submitted,

GREGORY F. ZOELLER
Attorney General of Indiana

*s/ Thomas M. Fisher*
Thomas M. Fisher
Solicitor General

Office of the Indiana Attorney General
IGC-South, Fifth Floor
302 W. Washington Street
Indianapolis, IN 46204
Tel: (317) 232-6255
Fax: (317) 232-7979
Email: Tom.Fisher@atg.in.gov

*Counsel for Governor Michael Pence*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of August, 2014, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Daniel J. Canon
Laura E. Landenwich
L. Joe Dunman
CLAY DANIEL WALTON ADAMS PLC
dan@justiceky.com
laura@justiceky.com
joe@justiceky.com

Shannon Fauver
Dawn R. Elliott
FAUVER LAW OFFICE PLLC
shannon@fauverlaw.com
dawn@fauverlaw.com

*s/ Thomas M. Fisher*
Thomas M. Fisher
Solicitor General

Office of the Indiana Attorney General
Indiana Government Center South, Fifth Floor
302 W. Washington Street
Indianapolis, IN 46204-2770
Telephone: (317) 232-6255
Facsimile: (317) 232-7979
Tom.Fisher@atg.in.gov

12