UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| MELISSA LOVE, ERIN BROCK, MICHAEL DRURY, LANE STUMLER, JO ANN DALE, CAROL UEBELHOER, JENNIFER REDMOND, and JANA KOHORST, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 4:14-cv-00015-RLY-TAB |
| MICHAEL RICHARD PENCE, in his official capacity as Governor of the State of Indiana | ) ) ) ) | |
| Defendant. | ) ) | |

**ENTRY ON PLAINTIFFS' MOTION TO RECONSIDER**

Plaintiffs filed suit against Defendant, Michael Richard Pence, in his official capacity as Governor of the State of Indiana, challenging the constitutionality of Indiana Code Section 31-11-1-1 ("Section 31-11-1-1"). Section 31-11-1-1 prohibits same-sex marriages from being celebrated or recognized in Indiana. On June 25, 2014, the court dismissed Plaintiffs' complaint (the "Entry") for lack of subject matter jurisdiction. Plaintiff now asks the court to reconsider its Entry due to newly discovered evidence. For the reasons set forth below, the court **GRANTS in part** and **DENIES in part** Plaintiffs' motion.

1

## I. Background

On March 7, 2014, Plaintiffs filed their Complaint challenging Indiana Code § 31-11-1-1, entitled "Same sex marriages prohibited," otherwise known as Indiana's Defense of Marriage Act. In pertinent part, the challenged statute provides:

(a) Only a female may marry a male. Only a male may marry a female.

(b) A marriage between persons of the same gender is void in Indiana even if the marriage is lawful in the place where it is solemnized.

The Plaintiffs are two unmarried same-sex couples and two same-sex couples married in other jurisdictions. (Complaint ¶¶ 1-9). Plaintiffs allege that Indiana's Defense of Marriage Act violates the United States Constitution by denying same-sex couples the "rights, privileges, responsibilities, and immunities extended to similarly situated opposite-sex couples." (*Id.* ¶ 18). Specifically, Plaintiffs argue that the statute violates the Due Process Clause of the Fourteenth Amendment, the Equal Protection Clause of the Fourteenth Amendment, the First Amendment right to freedom of association, the Full Faith and Credit Clause, the Supremacy Clause, the Fourteenth Amendment right to travel, and the Establishment Clause of the First Amendment. Plaintiffs named the Governor of the State of Indiana as the sole defendant, alleging that, "[b]y implementing and enforcing the statutes discussed below, Defendant has deprived, and continues to deprive, Plaintiffs of rights guaranteed by the United States Constitution." (*Id.* ¶ 12).

The Governor moved to dismiss this case for lack of subject matter jurisdiction. The court granted that motion to dismiss on June 25, 2014. Since that time, the

Governor, through his general counsel, has issued two memoranda on the issue of same-sex marriages. In light of these memoranda, Plaintiffs ask the court to reconsider its Entry pursuant to Federal Rule of Civil Procedure 59(e).

## II. Standard

A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence or if the movant clearly establishes a manifest error of fact or law. *See Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996). For new evidence to be considered, the moving party must "show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence during the pendency of the motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269-70 (7th Cir. 1996).

## III. Discussion

### A. Is Reconsideration Warranted?

Plaintiffs present two memoranda issued by the general counsel to the Governor to all executive branch agencies. These memoranda were issued on June 26, 2014, and July 7, 2014. Plaintiffs argue that the memoranda could not have been discovered until after the court's order on June 25, 2014, and thus constitutes new evidence warranting reconsideration. The Governor asserts that the motion to reconsider is merely an attempt to rehash an argument that the court rejected in its Entry dismissing the case, which is an inappropriate use of the Rule 59(e) motion.

As the Governor states, the court previously found that "[e]ven if the Governor did exercise some measure of managerial authority over clerks or others who may administer some aspect of marriage law, that authority would be insufficient to justify a suit against the Governor for two interrelated reasons." Those two reasons were: (1) the complained-of injury is not fairly traceable to the Governor because he lacks the authority to enforce the challenged statute against them, and (2) because the Governor cannot enforce the challenged statute, he cannot redress Plaintiffs' injury. Clearly the Governor's representation that he does not have "any authority to enforce, or other role respecting, Indiana Code Section 31-11-1-1" played a central role in the court's conclusion. The memoranda show that the court's conclusion was based on an inaccurate premise – that the Governor played no role in enforcing the statute. Thus, the court must revisit its prior decision and the motion for reconsideration should be considered on its merits.

**B.     Reconsidering the Entry**

    **1.     Did the Governor Enforce the Statute?**

Plaintiffs allege that the memoranda show that the Governor is able to enforce the statute and is, in fact, enforcing the statute. The Governor counters that the memoranda are simply providing an update and giving guidance. The court disagrees with the Governor that the sole purpose of the memoranda was to be informative. Rather, the text of the memoranda show that the Governor's counsel issued them to serve two purposes – to explain the court's decision and to *instruct* the executive branch agencies on what to do following the orders. (See July 7 Memorandum, stating "I issue the following explanation and instructions. . . .").

The court agrees with Plaintiffs that the memoranda clearly show that the Governor has the ability to direct the executive agencies to take action in regard to Section 31-11-1-1, and that he did take such action. In the July 7 Memorandum sent to "all executive branch agencies," the general counsel to the Governor expresses that he sent a memorandum on June 25, 2014, the day of the court's order, directing all executive branch agencies to comply with the decision. The July 7 memorandum also notes that after the Seventh Circuit issued a stay of the court's order, "the Governor's general counsel instructed all executive branch agencies to stop any processes they had commenced in complying with the District Court order of June 25." (*Id.* at ¶ 3). The memorandum further states that "Indiana Code § 31-11-1-1 is in full force and effect and executive branch agencies are to execute their functions as though the U.S. District Court Order of June 25, 2014, had not been issued." (*Id.*). Nevertheless, the Governor states that "the State will comply with the Court of Appeal's individual order recognizing the marriage of Amy Sandler and Nikole Quasney." (*Id.*). It is clear that through these memoranda, the Governor is issuing *instructions* to state agencies regarding compliance with court orders.

    **2.**     **Is the Governor a Proper Defendant?**

        **a.**     **Recognition of Out-of-State Marriages**

The memoranda issued by the Governor clearly contradict his prior representations to the court. The Governor can provide the parties with the requested relief as was evident by his initial memorandum on June 25, 2014, and he can enforce the statute to prevent recognition as evident by his correspondence on June 27 and July 7. Thus, the

5

court finds that this case is distinguishable from the cases cited by the Governor, because it is not based on the Governor's general duty to enforce the laws. It is based on his specific ability to command the executive branch regarding the law. Therefore, the court finds that the Governor can and does enforce Section 31-11-1-1(b) and can redress the harm caused to Plaintiffs in not having their marriages recognized.

The next question is whether the Eleventh Amendment bars suit against the Governor. Under the Eleventh Amendment, a citizen cannot sue their state in federal court unless the state consents. However, the Supreme Court created an important exception to that immunity in *Ex Parte Young*. 209 U.S. 123 (1908). Under that doctrine, "a private party can sue a state officer in his or her official capacity to enjoin prospective action that would violate federal law." *Ameritech Corp. v. McCann*, 297 F.3d 582, 585-86 (7th Cir. 2002) (quoting *Dean Foods Co. v. Brancel*, 187 F.3d 609, 613 (7th Cir. 1999)). Because Plaintiffs seek an injunction to enjoin actions which violate federal law, *Ex parte Young* applies. Nevertheless, the court must determine "whether the connection is sufficiently intimate to meet the requirements of *Ex parte Young*." *See Shell Oil Co. v. Noel*, 608 F.2d 208, 211 (1st Cir. 1979).

The court previously did not consider this connection because a general duty to enforce the laws is not enough. *See id.* As noted above, however, the Governor has shown that he is willing and able to take affirmative action to enforce the statute as shown in his July 7 Memorandum. The Governor's actions are similar to those of the governor of Utah as discussed by the Tenth Circuit in *Kitchen v. Herbert*, issued just hours after the court issued its opinion in *Baskin v. Bogan*, No. 1:14-cv-355, 2014 WL

2884868 (S.D. Ind. June 25, 2014), *aff'd Baskin v. Bogan*, No. 14-2386, 2014 WL 4359059 (7th Cir. Aug. 26, 2014)[1]. In finding the Governor to be a proper party, the Tenth Circuit noted that "state agencies with responsibility for the recognition of out-of-state marriages are being directed by the Governor . . . ." No. 13-4178, 2014 WL 2868044, * 6 (10th Cir. June 25, 2014). The exercise of his authority along with the executive power being vested in the Governor, provided the requisite connection to satisfy *Ex parte Young*.

The Governor is vested with the executive authority in Indiana and has exercised his authority to declare how state executive agencies should act. Thus, in accordance with *Kitchen*, the court finds that there is a sufficient connection to meet the *Ex parte Young* exception to Eleventh Amendment immunity.

### 3. Right to Marry

Notably, the memoranda issued by the Governor are addressed to executive branch agencies. These agencies still cannot provide the unmarried plaintiffs with the relief they seek – to be able to marry in Indiana. The Plaintiffs have not shown that the Governor has the authority to direct the county clerks; rather, under Indiana statute, the county clerk's serve the courts of that county. *See* Ind. Code § 33-32-2-1. Therefore, the

---

[1] Although the Seventh Circuit affirmed this court's decision in *Baskin*, it did not expressly consider whether the Governor was a proper party. Additionally, the facts regarding the role of the Governor have changed since the time this court considered *Baskin*, making this matter distinguishable. Thus, the court does not feel bound by its prior decision in *Baskin* that the Governor was an improper party. Further, the court notes that the Seventh Circuit also affirmed *Wolf v. Walker*, 982 F. Supp. 2d 982 (W.D. Wisc. 2014), which found the Governor to be a proper party.

Governor is not a proper party to challenge Indiana Code Section 31-11-1-1(a), and that claim remains dismissed.

## IV. Conclusion

In light of the new evidence, the court reinstates the married Plaintiffs' claims that Section 31-11-1-1(b) are unconstitutional. The claims brought by the unmarried Plaintiffs remain dismissed, because the Governor cannot remedy the harms alleged by them. Thus, the court **GRANTS in part** and **DENIES in part** Plaintiffs' motion (Filing No. 35). As a result, the court also **VACATES** its Entry on Plaintiffs' motion for preliminary and permanent injunctive relief (Filing No. 33), which had denied that motion as moot.

**SO ORDERED** this 16th day of September 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.